IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WEIHARIK GARCIA, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> POPMENU, INC., et al., <br><br> Defendants. | Civil Action File No. 2:24-CV-05962 |

**DEFENDANT METROPOLITAN HOSPITALITY, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Metropolitan Hospitality, Inc. ("Defendant"), by and through counsel, hereby responds to Plaintiff Weiharik Garcia's ("Plaintiff") Complaint as follows:

Defendant admits that Plaintiff, in the unnumbered first paragraph of her Complaint, purports to bring this putative class action against Defendant and Popmenu, Inc. Defendant denies any remaining allegations of this paragraph.

1. The allegations in paragraph 1 of the Complaint constitute opinions and legal conclusions to which no response is required. To the extent a response is required, Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 1. Defendant further states that the legal authority referenced in the remainder of paragraph 1 speaks for itself, and Defendant denies and allegations inconsistent therewith.

2. The allegations in paragraph 2 of the Complaint constitute opinions and legal conclusions to which no response is required. To the extent a response is required, Defendant states

1

that the legal authority referenced in the remainder of paragraph 2 speaks for itself, and Defendant denies and allegations inconsistent therewith.

3. Defendant admits that Plaintiff purports to bring this putative class action for violations of Telephone Consumer Protection Act. Defendant denies the remaining allegations in paragraph 3 of the Complaint and denies that any claims raised by Plaintiff or the putative classes are meritorious.

## PARTIES[1]

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, which allegations are therefore deemed denied.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, which allegations are therefore deemed denied.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The jurisdictional allegations in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this case.

8. The jurisdictional allegations in paragraph 8 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits it is subject to personal jurisdiction in Pennsylvania.

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint. However, Defendant does not admit any characterizations of such headings unless specifically admitted herein, nor does Defendant waive any right to object to any such characterizations.

9. The allegations in paragraph 9 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant admits venue is proper in this Court.

## BACKGROUND

10. The allegations in paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that 47 U.S.C. § 227(c)(5) speaks for itself, and Defendant denies and allegations inconsistent therewith.

11. The allegations in paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that 47 C.F.R. § 64.1200(c)(2) speaks for itself, and Defendant denies and allegations inconsistent therewith.

12. The allegations in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that 47 C.F.R. § 64.1200(c)(2) speaks for itself, and Defendant denies and allegations inconsistent therewith.

13. The allegations in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) speak for themselves, and Defendant denies and allegations inconsistent therewith.

## FACTUAL ALLEGATIONS

14. The allegations in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that 47 U.S.C. § 153(39) speaks for itself, and Defendant denies and allegations inconsistent therewith.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, which allegations are therefore deemed denied.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, which allegations are therefore deemed denied.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, which allegations are therefore deemed denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, which allegations are therefore deemed denied.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, which allegations are therefore deemed denied.

21. Defendant denies that Plaintiff never consented to receive calls or text messages from Popmenu or Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint, which allegations are therefore deemed denied.

22. Defendant admits the allegations in paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, which allegations are therefore deemed denied.

24. Defendant admits the messages were sent to solicit Plaintiff to purchase various menu items at Defendant's restaurant. Defendant states that the screenshot included in paragraph 24 of the Complaint speaks for itself, and Defendant denies any allegations inconsistent therewith.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, which allegations are therefore deemed denied.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, which allegations are therefore deemed denied.

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. The allegations in paragraph 28 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that the legal authority referenced in paragraph 28 speaks for itself, and Defendant denies and allegations inconsistent therewith.

29. The allegations in paragraph 29 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that the legal authority cited in paragraph 29 speaks for itself, and Defendant denies and allegations inconsistent therewith.

30. The allegations in paragraph 30 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, which allegations are therefore deemed denied.

31. The allegations in paragraph 31 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that the legal authority cited in paragraph 31 speaks for itself, and Defendant denies and allegations inconsistent therewith.

32. The allegations in paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that the legal authority cited in paragraph 32 speaks for itself, and Defendant denies and allegations inconsistent therewith.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant admits that the referenced text messages advertise Defendant's goods and services. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint, which allegations are therefore deemed denied.

36. Defendant denies the allegations in paragraph 36 of the Complaint and specifically denies that any "illegal conduct" occurred.

37. Defendant admits that it was interested in selling its products and services via text message marketing. Defendant denies the remaining allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, which allegations are therefore deemed denied.

41. Defendant admits the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant admits the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, which allegations are therefore deemed denied.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant admits the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. The allegations in paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant states that the legal authority cited in paragraph 50 speaks for itself, and Defendant denies and allegations inconsistent therewith.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, which allegations are therefore deemed denied.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

## CLASS ACTION ALLEGATIONS

56. Defendant incorporates by reference in this paragraph its responses to the proceeding paragraphs of the Complaint as if fully stated herein.

57. Defendant admits that Plaintiff purports to have filed this action on behalf of himself and all others similarly situated as an alleged member of the class described in this paragraph but denies the remaining allegations of this paragraph, including that any asserted claims are meritorious and that this case is suitable for class treatment.

58. Defendant denies the allegations in paragraph 58 of the Complaint and denies that this case is suitable for class treatment.

59. Defendant denies the allegations in paragraph 59 of the Complaint and denies that this case is suitable for class treatment.

60. Defendant denies the allegations in paragraph 60 of the Complaint and denies that this case is suitable for class treatment.

61. Defendant denies the allegations in paragraph 61 of the Complaint and denies that this case is suitable for class treatment.

62. Defendant denies the allegations in paragraph 62 of the Complaint and denies that this case is suitable for class treatment.

63. Defendant denies the allegations in paragraph 63 of the Complaint and denies that this case is suitable for class treatment.

**Count I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National DNC Class)**

64. Defendant incorporates by reference in this paragraph its responses to the proceeding paragraphs of the Complaint as if fully stated herein.

65. The allegations in paragraph 65 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant states that 47 C.F.R. 64.1200(c)(2) speaks for itself, and Defendant denies and allegations inconsistent therewith

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

68. Defendant denies the allegations in paragraph 68 of the Complaint.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief she seeks in the PRAYER FOR RELIEF paragraph, and all subparagraphs, that follows paragraph 69 of the Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff demands a trial by jury. Whether and to what extent Plaintiff is entitled to a trial by jury is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

## GENERAL DENIAL

Defendant denies all other allegations in Plaintiff's Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls and/or messages at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked.

### THIRD AFFIRMATIVE DEFENSE

**(Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)**

Plaintiff is barred from asserting her claims, in whole or in part, by the doctrines of

acquiescence, estoppel, waiver, and/or unclean hands.  For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent she or others voluntarily provided telephone numbers for the purpose of receiving calls and/or messages like those referenced in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant, because any harm allegedly caused by the alleged calls and/or messages at issue is not fairly traceable to any violation allegedly committed by Defendant, pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).  That is particularly true here, given that Plaintiff provided her number for the purpose of receiving the messages referenced in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable.  Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it.  For example, to the extent an independent contractor of Defendant—including, but not limited to, Defendant Popmenu—caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the

Complaint complains, such independent contractor acted outside the scope of the parties' agreement and Defendant did not approve of that conduct. As such, Defendant cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## NINTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## TENTH AFFIRMATIVE DEFENSE

### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from

raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Substantial Compliance with Laws)**

Defendant is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

### TWELFTH AFFIRMATIVE DEFENSE

**(Compliance with 47 C.F.R. § 64.1200(c)(2)(i))**

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Established Business Relationship)**

Any and all claims brought in the Complaint are barred because Plaintiff had an established business relationship with Defendant at all relevant times.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Good Faith; Reasonable Practices)**

Any and claims brought in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings

that exceed the FCC's delegated authority.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant hereby gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third-parties (including, but not limited to, Defendant Popmenu) proximately caused any damages, injuries, or violations at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

a) That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

b) For dismissal of the Complaint with prejudice as to Defendant;

c) That the Court award costs and reasonable attorneys' fees to Defendant as permitted by law; and

d) For such other relief as the Court deems just and proper.

Dated this 19th day of February, 2025.

                                           */s/ Aaron A. Wagner*
                                           Thomas R. Hurd, Esquire
                                           **McElroy, Deutsch, Mulvaney & Carpenter, LLP**
                                           1617 John F. Kennedy Blvd., Suite 1550
                                           Philadelphia, PA 19103
                                           Tel: (215) 557-2900
                                           Fax: (215) 557-2990

                                           Aaron A. Wagner, Esquire (*pro hac vice*)
                                           **Kabat Chapman & Ozmer LLP**
                                           171 17th Street NW, Suite 1550
                                           Atlanta, GA 30363
                                           Tel: (404) 400-7300
                                           Fax: (404) 400-7300

                                           *Attorneys for Defendant,*
                                           *Metropolitan Hospitality, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2025, I electronically filed the foregoing **DEFENDANT METROPOLITAN HOSPITALITY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** using the Court's CM/ECF system, which will automatically send e-mail notification to all attorneys of record.

Andrew Roman Perrong, Esq.
**PERRONG LAW LLC**
2657 Mt. Carmel Ave
Glenside, PA 19038
Email: a@perronglaw.com
*Attorney for Plaintiff*

John G. Papianou
**MONTGOMERY MCCRACKEN WALKER RHOADS LLP**
1735 Market Street
Philadelphia, PA 19103
Email: jpapianou@mmwr.com
*Attorney for Defendant,
Popmenu, Inc.*

Respectfully submitted,

*/s/ Aaron A. Wagner*
Aaron A. Wagner, Esq.
Admitted Pro Hac Vice

*Attorney for Defendant,
Metropolitan Hospitality, Inc.*

15