IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WEIHARIK GARCIA,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**POPMENU, INC.**<br>**AND**<br>**METROPOLITAN HOSPITALITY, INC.**<br><br>*Defendants.* | Case No. 2:24-cv-05962 |

## DEFENDANT POPMENU, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF's COMPLAINT

Defendant, Popmenu, Inc. ("Popmenu" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff WEIHARIK GARCIA ("Plaintiff") in the above matter. Popmenu denies each and every allegation of the Complaint except as expressly admitted below.

1. The allegations in Paragraph 1 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited publications speak for themselves. To the extent that a response is required, Defendant denies the allegations.

2. The allegations in Paragraph 2 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited publications, regulations, cases, and statutes speak for themselves. To the extent that a response is required, Defendant denies the allegations.

3.      The allegations in Paragraph 3 of the Complaint are arguments and/or conclusions of law which require no response. To the extent that a response is required, Defendant denies the allegations.

## THE PARTIES

4.      Defendant is without knowledge of Plaintiff's residence but does not dispute the same.

5.      Admitted for jurisdictional purposes only.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 6, but does not dispute the same.

## JURISDICTION AND VENUE

7.      Defendant does not dispute that this is an action pursuant to a federal statute and, thus, invokes federal question jurisdiction but denies that Plaintiff and the putative class are entitled to any of the relief sought.

8.      Admitted for jurisdictional purposes only.

9.      Admitted for jurisdictional purposes only.

## BACKGROUND

10.     The allegations in Paragraph 10 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited statute speaks for itself. To the extent that a response is required, Defendant denies the allegations.

11.     The allegations in Paragraph 11 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited statute speaks for itself. To the extent that a response is required, Defendant denies the allegations.

12. The allegations in Paragraph 12 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited statute speaks for itself. To the extent that a response is required, Defendant denies the allegations.

13. The allegations in Paragraph 13 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited statute speaks for itself. To the extent that a response is required, Defendant denies the allegations.

**FACTUAL ALLEGATIONS**

14. The allegations in Paragraph 14 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited statute speaks for itself. To the extent that a response is required, Defendant denies the allegations.

15. Denied.

16. Defendant is without knowledge of this allegation and demands strict proof thereof.

17. Defendant is without knowledge of this allegation and demands strict proof thereof.

18. Defendant is without knowledge of this allegation and demands strict proof thereof.

19. Defendant is without knowledge of this allegation and demands strict proof thereof.

20. Defendant is without knowledge of this allegation and demands strict proof thereof.

21. Denied.

22. Defendant does not dispute that the alleged text messages were sent, but denies that Plaintiff is entitled to any relief based on same.

23. Admitted that the telephone number is registered to Defendant.

24. Defendant is without knowledge or information sufficient to from a belief as to the truth of the allegation in Paragraph 24 of the Complaint. In response to Paragraph 24, Defendant states it solely provides a platform through which messages may be sent and demands strict proof of this allegation.

25. Admitted that the links direct the recipient to a website hosted on Defendant's platform.

26. Admitted.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 27 of the Complaint. In response to Paragraph 27, Defendant states it solely provides a platform through which messages may be sent and demands strict proof of this allegation.

28. The allegations in Paragraph 28 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited case law speaks for itself. To the extent that a response is required, Defendant denies the allegations.

29. The allegations in Paragraph 29 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited case law speaks for itself. To the extent that a response is required, Defendant denies the allegations.

30. The allegations in Paragraph 30 of the Complaint are arguments and/or conclusions of law which require no response. To the extent that a response is required, Defendant denies the allegations.

31. The allegations in Paragraph 31 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited case speaks for itself. To the extent that a response is required, Defendant denies the allegations.

32. The allegations in Paragraph 32 of the Complaint are argument and/or conclusions of law which require no response. Furthermore, the cited case law speaks for itself. To the extent that a response is required, Defendant denies the allegations.

33. The allegation in Paragraph 33 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

34. The allegations in Paragraph 34 of the Complaint are arguments and/or conclusions of law which require no response. To the extent that a response is required, Defendant denies the allegations.

35. Denied as phrased. The links direct the recipient to a website hosted on Defendant's platform and the phone number is not owned by Defendant, it is assigned to Defendant by a service provider.

36. The allegation in Paragraph 36 of the Complaint is not directed towards Defendant and as a result no response is required. However, Defendant states that it is not a lead generator or a text message marketing service as suggested in Paragraph 36. Defendant states it solely provides a platform that includes a feature to send text messages. Any other allegations in Paragraph 36 are denied.

37. The allegation in Paragraph 37 of the Complaint is not directed towards Defendant and as a result no response is required. However, Defendant states it solely provides a platform that includes a feature to send text messages. Any other allegations in Paragraph 38 are denied.

38. The allegation in Paragraph 38 of the Complaint is not directed towards Defendant and as a result no response is required. However, Defendant states it solely provides a platform that includes a feature to send text messages. Any other allegations in Paragraph 38 are denied.

39. The allegation in Paragraph 39 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

40. Denied.

41. The allegation in Paragraph 41 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, Defendant denies the allegation and states that it was not engaged in telemarketing as it simply provides a platform that includes a feature to send text messages.

42. The allegation in Paragraph 42 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

43. The allegation in Paragraph 43 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

44. The allegation in Paragraph 44 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, Defendant denies the allegation and states that it was not engaged in telemarketing as it simply provides a platform that includes a feature to send text messages.

45. The allegation in Paragraph 45 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

46. The allegation in Paragraph 46 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

47. The allegation in Paragraph 47 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

48. The allegation in Paragraph 48 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

49. The allegation in Paragraph 49 of the Complaint is not directed towards Defendant and as a result no response is required. To the extent that a response is required, the allegation is denied.

50. The allegations in Paragraph 50 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited case law speaks for itself. To the extent that a response is required, Defendant denies the allegations.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## **CLASS ALLEGATIONS**

56. Defendant incorporates and reasserts its responses to all other paragraphs of the Complaint as if fully stated herein.

57. Defendant does not dispute that this is the purported class that Plaintiff intends to represent, but Defendant denies that Plaintiff and the putative class are entitled to the relief sought.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT I

64. Defendant incorporates and reasserts its responses to all other paragraphs of the Complaint as if fully stated herein.

65. The allegations in Paragraph 65 of the Complaint are arguments and/or conclusions of law which require no response. Furthermore, the cited case law speaks for itself. Defendant denies that it committed any violation of the cited statute.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff or the putative class members are entitled to any of the relief it seeks in the WHEREFORE clause immediately following Paragraph 69 of the First Amended Complaint. All allegations contained in the Complaint that are not expressly admitted herein are denied.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for a jury trial is a legal conclusion to which no response is required.

**AFFIRMATIVE DEFENSES**

Defendant states the following affirmative defenses to Plaintiff's Complaint, without admitting liability to the allegations herein, and reserves the right to amend these defenses as discovery continues or the facts warrant:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff and the purported class members lack standing to bring suit as they did not suffer a legal injury.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's and the purported class members' claims are barred to the extent that they did not avail themselves of the clearly defined "STOP" feature to opt-out of receiving the alleged text messages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's and the purported class members' claims are barred as the text messages that were allegedly sent were not "telephone solicitations" within the meaning of 47 C.F.R. § 64.1200(c).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's and the purported class members' claims are barred as the safe harbor provisions of 47 C.F.R. § 64.1200(c)–(d) apply to the text messages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's and the purported class members' claims are barred to the extent that a called party gave Defendant prior consent to make calls or send the text messages to their phone number.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and the purported class members' claims are barred to the extent that someone on behalf of the Plaintiff gave Defendant prior consent to make calls or send the text messages to

their phone number.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims are barred to the extent that someone on behalf of Plaintiff gave Defendant prior consent to make calls or send the text messages to their phone number.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims are barred to the extent that they had an established business relationship with Defendant.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims are barred under the common carrier exception to the TCPA as Defendant qualifies as a common carrier because it holds itself out to serve all potential users indifferently and it allows its users to transmit messages of their own design and choosing.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action for class treatment under Federal Rule of Civil Procedure 23.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant has complied with the TCPA and is entitled to each and every defense stated in the Acts and any and all limitations of liability.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's and the purported class members' claims should be dismissed because they cannot establish that the alleged text messages were sent via an Automatic Telephone Dialing System ("ATDS") or "automated system."

**THIRTEENTH AFFIRMATIVE DEFENSE**

This action is not a proper class action under Rule 23 of the Federal Rules of Civil Procedure because questions of fact pertaining to each individual putative class member's claim, as well as different defenses pertaining to each, will predominate over common legal questions. At this juncture, this case has not been certified as a class action. Each class member's claim is subject to its own unique facts and circumstances, which are not conducive to resolution through class action. Pending further discovery and when this class reaches the class certification phase of these proceedings, additional grounds may exist, and may be asserted, warranting denial of class certification.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims of some putative class members are or may be barred in whole or in part by the doctrines of waiver, estoppel, and/or ratification.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims of some putative class members may be barred by their lack of standing to bring the claims alleged in the Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

This action is not a proper class action because the class definitions are overly inclusive and/or unworkable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

This action is not appropriate as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure because it is not a superior method of fair and efficient adjudication of controversy.

**RESERVATION OF RIGHTS**

Defendant expressly reserves the right to assert other defenses, including affirmative defenses, as may be appropriate as this action proceeds.

Dated: February 19, 2025 	Respectfully submitted,

                                             */s/ John G. Papianou*
                                             John G. Papianou
                                             MONTGOMERY McCRACKEN
                                             WALKER & RHOADS LLP
                                             1735 Market Street
                                             Philadelphia, PA 19103
                                             (215) 772-7401
                                             jpapianou@mmwr.com

                                             *Counsel for Defendant Popmenu, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2025, I electronically filed the foregoing Defendant Popmenu, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the Court via the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record.

                                                    */s/ John G. Papianou*
                                                    John G. Papianou

                                                    *Counsel for Defendant Popmenu, Inc.*